IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| **OPTIS WIRELESS TECHNOLOGY, LLC and PANOPTIS PATENT MANAGEMENT, LLC,**<br><br>Plaintiffs,<br><br>v. | § § § § § § § § | |
| **BLACKBERRY LIMITED, et al** | § § § | 2:16-cv-0062-JRG-RSP<br>**LEAD CASE** |
| **KYOCERA COMMUNICATIONS, INC., et al,**<br><br><br><br>Defendants. | § § § § § § § § § | 2:16-cv-0061-JRG-RSP<br><br><br><br><br>**JURY TRIAL REQUESTED** |

**[PROPOSED] DISCOVERY ORDER**

After a review of the pleaded claims and defenses in this action, in furtherance of the management of the Court's docket under Federal Rule of Civil Procedure 16, and after receiving the input of the parties to this action, it is ORDERED AS FOLLOWS:

1. **Initial Disclosures.** In lieu of the disclosures required by Federal Rule of Civil Procedure 26(a)(1), each party shall disclose to every other party the following information:

   (a) the correct names of the parties to the lawsuit;

   (b) the name, address, and telephone number of any potential parties;

   (c) the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that

    may be offered at trial);

 (d) the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by any such person;

 (e) any indemnity and insuring agreements under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;

 (f) any settlement agreements relevant to the subject matter of this action; and

 (g) any statement of any party to the litigation.

2. **Disclosure of Expert Testimony.** A party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703 or 705, and:

(a) if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony, provide the disclosures required by Federal Rule of Civil Procedure 26(a)(2)(B) and Local Rule CV-26; and

(b) for all other such witnesses, provide the disclosure required by Federal Rule of Civil Procedure 26(a)(2)(C).

3. **Additional Disclosures.** Without awaiting a discovery request,[1] each party will make the following disclosures to every other party:

---

[1] The Court anticipates that this disclosure requirement will obviate the need for requests for production.

(a) provide the disclosures required by the Patent Rules for the Eastern District of Texas with the following modifications to P.R. 3-1 and P.R. 3-3:

P.R. 3-1(g): If a party claiming patent infringement asserts that a claim element is a software limitation, the party need not comply with P.R. 3-1 for those claim elements until 30 days after source code for each Accused Instrumentality is produced by the opposing party. Thereafter, the party claiming patent infringement shall identify, on an element-by-element basis for each asserted claim, what source code of each Accused Instrumentality allegedly satisfies the software limitations of the asserted claim elements.

P.R. 3-3(e): If a party claiming patent infringement exercises the provisions of P.R. 3-1(g), the party opposing a claim of patent infringement may serve, not later than 30 days after receipt of a P.R. 3-1(g) disclosure, supplemental "Invalidity Contentions" that amend only those claim elements identified as software limitations by the party claiming patent infringement.

(b) produce or permit the inspection of all documents, electronically stored information, and tangible things in the possession, custody, or control of the party that are relevant to the pleaded claims or defenses involved in this action and proportional to the needs of the case pursuant to Fed.R.Civ.P. 26(b)(1), except to the extent these disclosures are affected by the time limits set forth in the Patent Rules for the Eastern District of Texas; and

(c) provide a complete computation of any category of damages claimed by any party to the action, and produce or permit the inspection of documents or other evidentiary material on which such computation is based, including materials bearing on the nature and extent of injuries suffered, except that the disclosure of the computation of damages may be deferred until the time for Expert Disclosures if a party will rely on a damages expert.

4. **Protective Orders.** The Court will enter the parties' Agreed Protective Order.

5. **Discovery Limitations.** The discovery in this action is limited to the disclosures described in Paragraphs 1-3 together with:

a) **Interrogatories:**

Plaintiffs[2] jointly, may serve up to fifteen (15) common interrogatories on Defendants in this action, which each Defendant Affiliate Group[3] shall answer individually, and Plaintiffs, jointly, may serve an additional fifteen (15) individual interrogatories on each Defendant Affiliate Group in this action. Each interrogatory (as well as each discreet subpart) served on each Defendant Affiliate Group will count as one individual interrogatory. Defendants in this action, jointly, may serve up to fifteen (15) common interrogatories on Plaintiffs, and each Defendant Affiliate Group in this action may serve an additional fifteen (15) individual interrogatories on Plaintiffs.

b) **Requests for Admission:**

Plaintiffs, jointly, may serve up to twenty (20) common requests for admission as to all Defendants in this action, and an additional thirty (30) requests for admission separately on each Defendant Affiliate Group in this action. Defendants in this action, jointly, may serve up to twenty (20) common requests for admission on Plaintiffs, and each Defendant Affiliate Group in this action may serve an additional thirty (30) requests for admission on Plaintiffs. There is no limit on the number of requests for admission the

---

[2] For purposes of this paragraph, Plaintiffs shall mean PanOptis Patent Management, LLC and Optis Wireless Technology. Discovery limits in the paragraph shall apply jointly to the Plaintiffs as they do the Defendant Affiliate Groups.

[3] The Defendant Affiliate Groups consist of: (1) BlackBerry Limited and BlackBerry Corporation; and (2) Kyocera Communications, Inc. and Kyocera Corporation.

parties may serve to establish the authenticity of documents. Requests for admission directed to document authentication shall be clearly denoted as such, and shall be served separately from any requests for admission subject to the numerical limitations stated above.

**c) Depositions:**

For all depositions, other than expert depositions, Plaintiffs are allowed up to 60 hours to depose each single Defendant Affiliate Group and Defendants jointly shall be allowed up to 50 hours to depose Plaintiffs and each Defendant Affiliate Group shall be allowed up to an additional 10 hours to depose Plaintiffs. Deposition hours are not transferrable between Defendant Affiliate Groups for either Plaintiffs or Defendants (*i.e.*, unused hours relating to depositions by or of one Defendant Affiliate Group may not be used by either Plaintiffs or Defendants for depositions of or by a different Defendant Affiliate Group). These hour limits include only the depositions of fact witnesses and Rule 30(b)(6) witnesses associated with the parties to this action, and any unused party deposition hours may not be transferred to cover the deposition of any non-party.

Plaintiffs, jointly, and Defendants, jointly, each are allowed up to a total of one hundred and fifteen (115) hours for third-party depositions.

Except by agreement of the parties or as described in Section 12(f) herein, all individual depositions shall be limited to seven (7) hours in

5

accordance with the Federal Rules of Civil Procedure.

Any party may later move to modify these limitations for good cause.

6. **Privileged Information.** There is no duty to disclose privileged documents or information. However, the parties are directed to meet and confer concerning privileged documents or information after the Status Conference. By the deadline set in the Docket Control Order, the parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection. Any party may move the Court for an order compelling the production of any documents or information identified on any other party's privilege log. If such a motion is made, the party asserting privilege shall respond to the motion within the time period provided by Local Rule CV-7. The party asserting privilege shall then file with the Court within 30 days of the filing of the motion to compel any proof in the form of declarations or affidavits to support their assertions of privilege, along with the documents over which privilege is asserted for *in camera* inspection.

7. **Signature.** The disclosures required by this Order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made. If feasible, counsel shall meet to exchange disclosures required by this Order; otherwise, such disclosures shall be served as provided by Federal Rule of Civil Procedure 5. The parties shall promptly file a notice with the

Court that the disclosures required under this Order have taken place.

8. **Duty to Supplement.** After disclosure is made pursuant to this Order, each party is under a duty to supplement or correct its disclosures **immediately** if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

9. **Discovery Disputes.**

    (a) Except in cases involving claims of privilege, any party entitled to receive disclosures ("Requesting Party") may, after the deadline for making disclosures, serve upon a party required to make disclosures ("Responding Party") a written statement, in letter form or otherwise, of any reason why the Requesting Party believes that the Responding Party's disclosures are insufficient. The written statement shall list, by category, the items the Requesting Party contends should be produced. The parties shall promptly meet and confer. If the parties are unable to resolve their dispute, then the Responding Party shall, within 14 days after service of the written statement upon it, serve upon the Requesting Party a written statement, in letter form or otherwise, which identifies (1) the requested items that will be disclosed, if any, and (2) the reasons why any requested items will not be disclosed. The Requesting Party may thereafter file a motion to compel.

    (b) In addition to the requirements of Local Rule CV-7(h) and (i), an opposed discovery-related motion must include a certification that an **in-person** conference involving lead and local counsel for all parties to the discovery

7

dispute was held.

(c)  Counsel are directed to contact the chambers of the undersigned for any "hot-line" disputes before contacting the Discovery Hotline provided by Local Rule CV- 26(e). If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26(e).

10. **No Excuses.** A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures. Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue.

11. **Filings**. Only upon request from chambers shall counsel submit to the court courtesy copies of any filings.

12. **Proposed Stipulations by the Parties Regarding Discovery.**

(a) **Authenticity of a Party's Own Documents.** If a document is produced directly from a party's files and is authored by that party, it will be deemed to be an authentic, genuine, true, and correct copy of the original document. All other objections are reserved. If a party has reason to believe that a document that otherwise meets this criteria is not authentic, this provision does not prohibit the party from challenging the authenticity of that document.

(b) **Production Of Materials Obtained Via Third-Party Subpoena.** A party

8

who serves a subpoena in this matter on a third party shall immediately provide a copy of the subpoena and all attachments thereto to the other party. A party who receives documents from a third party pursuant to a subpoena will reproduce those documents to the other party within five (5) business days. Where reproduction of documents within five (5) business days is not possible, the party who received the documents will provide prompt notice to the other party and will work in good faith to resolve the issue on a case-by-case basis. A party scheduling the deposition of a third-party shall promptly notify the parties of the date and location of the deposition and make all best efforts to schedule any deposition of the third-party no earlier than five (5) days after the party scheduling the deposition provides the copies of any documents received from that third party; provided, however, the scheduling party shall not be obligated to reschedule a deposition if the third party produces documents immediately before the deposition.

(c) **Opinion Testimony of Fact Witnesses.** For purposes of paragraph 2 herein, any witness (including any fact witness) who intends to offer opinion testimony must be disclosed to all other parties under Federal Rule of Civil Procedure 26(a)(2)(B) and Local Rule CV-26. No fact witness that has not submitted an expert disclosure shall be allowed to provide opinion testimony at trial.

(d) **Depositions of Experts.** Depositions of experts shall be limited to one day

of seven (7) hours per disclosure by the expert, whether opening or rebuttal, as provided in the Court's Docket Control Order, unless the parties agree to additional time or the expert disclosure is directed to the products of more than one Defendant Affiliate Group, in which case the expert may be deposed for an additional day of seven (7) hours for a total of up to fourteen (14) hours per such disclosure. The parties shall cooperate to reasonably schedule the expert depositions

(e) **Depositions of Inventors.** Depositions of inventors of the patents-in-suits shall be limited to one day of seven (7) hours per inventor per asserted patent, unless the parties agree to additional time, and subject to Paragraph 12(f).

(f) **Depositions Requiring Use of a Translation.** Any deposition requiring the use of a translator shall be limited to a total time of fourteen (14) hours, only half (1/2) of the deposition time will count against that party's total deposition time in this action (as set forth in Section 5(c)).

(g) **Supplementation of Discovery Responses:** Each party is under a duty to supplement or correct any discovery responses **immediately** if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true. No later than two (2) weeks before the date set for the start of trial, each party will provide supplemental responses to written discovery seeking information about the sales figures for the Accused

Products.

(h) **Privilege Logs.** Parties to this action and their subsidiaries need not log privileged communications transmitted after commencement of this action, or privileged documents created after commencement of this action.

(i) **Party Depositions**. The parties agree to work in good faith to schedule party depositions (including depositions taken pursuant to Fed. R. Civ. P. 30(b)(6) and (1)) such that witnesses that are expected to provide testimony applicable to more than one pending matter between the parties e.g., licensing or financial witnesses, inventors, prosecuting attorneys, in-house prosecution staff, etc. sit for a single day of deposition. The parties agree to avoid seeking duplicative deposition testimony where reasonably possible. Nothing herein will preclude a party from designating a deposition for more than one matter.

(j) **Service of Documents**. The parties agree to serve documents (both filings and non-filings) by email to the parties designated email service address (for Plaintiffs: ppm@grayreed.com; for BlackBerry: QE-PanOptis-BB@quinnemanuel.com; for Kyocera: kyocerapanoptis@jonesday.com), or if too voluminous, by FTP or other internet file service.

(k) **Service of Documents Filed Under Seal.** The parties will use best efforts to serve by email, or if too voluminous, by FTP or other internet file service all documents filed under seal within an hour.

(l) **Limitations on Expert Discovery.** The following communications and materials relating to expert witnesses and consultants retained by the Parties in

this litigation shall not be the subject of discovery or inquiry at trial: (a) drafts of any expert disclosures or analysis (including reports, declarations, affidavits, or any other form of testimony); (b) communications, whether written or oral, between or among any expert, consultant and/or counsel for the party retaining said expert; (c) notes or preparatory materials taken by or on behalf of any expert; (d) emails, lists, agendas, outlines, memoranda, presentations, and letters, whether in draft or any other form, that are provided to, or by or on behalf of, any expert; and, (e) any other types of preliminary work product created by or on behalf of any expert. The foregoing exemptions shall not apply to any communications or materials, including those listed above, on which any expert, in any disclosure, relies as a basis for an opinion. Such communications or materials shall be subject to discovery and inquiry at trial. Communications and materials exempt from discovery under this provision shall be treated as attorney work product, and need not be listed on any privilege log.

**IT IS SO ORDERED.**